**104**

TRADEWINDS MARKETING,
INC., Plaintiff,

v.

GENERAL ACCIDENT INSURANCE
COMPANY PUERTO RICO
LIMITED, Defendant.

Civ. No. 86–0055(RLA).

United States District Court,
D. Puerto Rico.

July 31, 1987.

Harry R. Segarra-Arroyo, Jimenez-Miranda & Segarra-Arroyo, San Juan, P.R., for plaintiff.

Francisco Besosa and Francisco G. Bruno, Sweeting Gonzalez & Cestero, San Juan, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

In the present diversity [1] and admiralty case plaintiff alleges that it suffered damages when the Master of the M/V Susan Mitchell, with whom plaintiff had contracted to ship 9,000 bags of cement from the Dominican Republic to Puerto Rico, failed to unload the full cargo in Puerto Rico, and instead sailed to St. Martin where he, the Master, sold approximately half the cement and kept the proceeds of the sale. Plaintiff alleges that the Master's acts constituted barratry, a covered peril under the marine open cargo insurance policy issued to plaintiff by defendant. The complaint thus charges that defendant wrongfully denied payment on plaintiff's barratry claim and is liable for the damages suffered by plaintiff.

Before the Court is defendant's motion for summary judgment pursuant to Fed.R. Civ.P. 56 filed on May 13, 1987. Plaintiff filed an opposition on June 1, 1987. Defendant filed a corresponding reply. The record in this case is complete and includes an approved pretrial memorandum.

Defendant argues in its motion that barratry, essentially the fraudulent breach of duty by a master with respect to the vessel's or the cargo's owner, does not apply to the present case because the Master of the M/V Susan Mitchell was forced to sell the remaining cargo because of plaintiff's breach of a charter party between the plaintiff and the Master. In other words, defendant argues that the Charter Party established the specific duties that plaintiff and the Master owed each other and that it was plaintiff and not the Master who committed a breach of duty. Therefore, defendant concludes that there is no triable issue of fact as to the barratry claim and that it is entitled to judgment as a matter of law. We agree.

The Charter Party required that plaintiff pay the $6,950.00 freight charge for the cement in full within twelve hours of the

---

1. The diversity jurisdiction of the Court is contested but we need not consider the matter since our resolution herein of the barratry issue also disposes of plaintiff's claim under Puerto Rico law which is for tortious breach of the insurance contract.

vessel's arrival in San Juan. It also provided that if plaintiff failed to comply with the agreement, "the captain of the M/V Susan Mitchell is herewith explicitly given the right to sell to third parties at a reasonable price, so much of the cargo as is needed, to cover his lawful claims".

The motion papers and other relevant documents in the record establish that plaintiff did not fulfill its part of the agreement. It paid only twenty percent of the freight cost almost three full days after the vessel had arrived San Juan (and had off-loaded half the cement cargo). In addition, Mr. John Lohner, President of Tradewinds Marketing, Inc., plaintiff herein, stated in his deposition that he explained to the Master of the M/V Susan Mitchell that he was having problems getting money from the bank to pay the full freight charge as accorded. The Master nonetheless waited another day for the rest of the payment but facing increasing harbour and other costs, and given the uncertainty presented by plaintiff's financial problems, he sailed to St. Martin where he sold the rest of the cargo. These facts have not been controverted by plaintiff.

The facts alleged in the complaint, which we take as true for purposes of the motion before us, do not contradict the events described above. They simply state that the Master sailed away with the cargo and conclude that this conduct was barratrous. This conclusion is followed with the main allegation that defendant has wrongfully denied coverage on the policy. Plaintiff's opposition to defendant's motion for summary judgment contests only the fact of the actual time of arrival of the M/V Susan Mitchell which by itself is of little significance and, in any case, has been sufficiently repudiated by defendant's subsequent filings (see defendant's reply). Even if we were to accept plaintiff's time frame, the same would not fall within the grace period provided in the Charter Party. Therefore, it is uncontroverted that plaintiff breached its agreement with the Master of the M/V Susan Mitchell and that the Master acted in accordance with the stipulations of that agreement when he sold half of the cargo in St. Martin rather than deliver it to plaintiff.

Plaintiff vigorously disputes that the Charter Party between plaintiff and the Master of the M/V Susan Mitchell is relevant to the main contract at issue in this case, i.e., the marine insurance policy. One is an agreement between plaintiff and the Master and the other is an agreement between plaintiff and defendant. Plaintiff primarily argues that for the Court to consider what plaintiff calls the "third-party contract", i.e. the Charter Party, in the present case would in effect create a new term or condition under the marine insurance policy. Further, that the policy should be interpreted on its face. In other words, plaintiff argues that the insurance policy is valid and covers the peril of barratry, thus there is no need to look at the Charter Party because barratry in fact occurred. But this argument conveniently side-steps the main obstacle defendant has placed on plaintiff's road to recovery by way of a motion for summary judgment, i.e., whether plaintiff has met its burden of proving that the issue of barratry merits trial. In this light, we look at the Charter Party not as an additional agreement between plaintiff and defendant but, rather, as a telltale document that can help us determine whether or not the Master's conduct was tainted with fraud and thus whether defendant is liable to plaintiff under the policy. The Charter Party thus is necessary extrinsic evidence concerning the term "barratry" found in the insurance policy and not, as plaintiff would have it, a third party contract grafted onto the policy.

In short, plaintiff's argument regarding the Charter Party ignores that the importance of that agreement is not whether it can come under the insurance policy as a condition precedent, but rather, that it helps to characterize the Master's conduct. This characterization, in turn, leads to a determination of whether or not the Master was a barrator, which is the key issue in this case. That is to say that since barratry is considered a fraudulent breach of duty, we must first determine what kind of duty existed between the Master and the cargo owner. The Charter Party evidences

the relationship and duties between these parties in a way that greatly helps us determine if a breach of duty did occur and thus whether or not the insurance policy applies.

Beyond our consideration of the Charter Party, plaintiff's biggest problem in this case is that it has not presented any Fed.R. Civ.P. 56(c)-type evidence to establish that there is a genuine, triable issue of fact as to an essential element of its case, i.e., whether or not the Master's conduct was barratrous. Without this evidence it cannot defeat defendants' well supported motion. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Barratry has been held to be a fraudulent breach of duty with a criminal intent by the master. *The Republic of China v. National Union Fire Ins. Co. of Pittsburgh*, 151 F.Supp. 211 (D.Md. 1957), *aff'd in part, rev'd in part*, 254 F.2d 177 (4th Cir.) *cert. denied*, 358 U.S. 823, 79 S.Ct. 38, 3 L.Ed.2d 64 (1958).

"In the absence of fraud, nothing but acts of known criminality, gross malversation, or the like can amount to barratry; loss arising from the incompetence of the captain, from a mistake as to the meaning of his instructions, or misapprehension of the best mode of carrying them into effect, can never amount to barratry". Arnould, *Marine Insurance*, § 837 (15 Ed.1961), *quoted in, Commercial Trading Co. v. Hartford Fire Ins. Co.*, 466 F.2d 1239, 1244–45 (5th Cir.1972).

For plaintiff to win this case it would have to prove that the Master of the M/V Susan Mitchell acted with fraudulent or criminal intent. These elements of fraud and/or criminal intent have not even been sufficiently plead by plaintiff. But most important, plaintiff has not supported with relevant evidence the elements of its charge in the face of defendant's challenge that there is no material issue of fact in this case regarding the barratry allegation. In situations like this one, "the moving party is entitled to 'judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof". *Celotex, supra* 106 S.Ct. at 2553.

Defendant has amply shown that, though the Charter Party gave the Master authority to sell the cement cargo in the event plaintiff did not pay in full within twelve hours of the vessel's arrival, the Master exhibited good faith and patience by waiting approximately three days, offloading half the cargo, and receiving only twenty percent (20%) of the freight charge before exercising his right to sell the remaining cargo. Plaintiff, on the other hand, has repeatedly done nothing more than baldly allege barratry and argue that the Charter Party is irrelevant. We are hardpressed to accept plaintiff's argument. How can plaintiff allege that the Master of the M/V Susan Mitchell fraudulently or criminally breached a duty towards the plaintiff when the agreement between these parties clearly gave the Master the right to act the way he did? If anything, the Master, by waiting as long as he did and offloading part of the cargo, did much more than he was required to do by plaintiff itself under the agreement between them.

In conclusion, plaintiff has failed to show that there is a genuine issue of material fact regarding its claim that the Master of the M/V Susan Mitchell acted barratrously against it or that as a consequence defendant's insurance policy covers plaintiff's loss. Accordingly, the Court hereby GRANTS defendant's motion for summary judgment filed on May 13, 1987 and hereby DISMISSES the present case.

Judgment shall be entered accordingly.

IT IS SO ORDERED.