**TRADEWINDS MARKETING, INC.,**
**Plaintiff, Appellant,**

v.

**GENERAL ACCIDENT INSURANCE**
**COMPANY PUERTO RICO**
**LIMITED, Defendant, Appellee.**

No. 87–1812.

United States Court of Appeals,
First Circuit.

Submitted March 11, 1988.
Decided April 4, 1988.

Harry R. Segarra Arroyo and Jimenez Miranda & Segarra Arroyo, Hato Rey, P.R., on brief, for plaintiff, appellant.

Francisco G. Bruno and Sweeting Gonzalez & Cestero, Hato Rey, P.R., on brief, for defendant, appellee.

Before COFFIN, BOWNES and SELYA, Circuit Judges.

COFFIN, Circuit Judge.

The plaintiff, Tradewinds Marketing Company ("Tradewinds"), appeals from a grant of summary judgment in favor of defendant, General Accident Insurance Company ("General Accident"), entered by the United States District Court for the District of Puerto Rico. 665 F.Supp. 104. Having reviewed the record in the light most favorable to Tradewinds, *e.g.*, *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir.1987), we find no error in the district court's well reasoned opinion.

## I.

Tradewinds entered into a charter agreement with one Johannes Former, the master of M/V "Susan Mitchell," to ship an order of cement from the Dominican Republic to Puerto Rico. Tradewinds was at that time insured by General Accident. The policy covered the peril of "barratry." That term was not defined in the contract, but the parties agree that "barratry," in maritime law, means essentially a fraudulent breach of duty by a master or crewmen of a vessel that results in injury to the vessel or to the owner of the vessel. *See United States Fire Insurance Co. v. Cavanaugh*, 732 F.2d 832, 835 (11th Cir.1984).

The charter agreement between Tradewinds and Former specified that Tradewinds would pay $6,950 for delivery of the cement in full within twelve hours of arrival of the "Susan Mitchell" in Puerto Rico. It provided further that if Tradewinds failed to comply with the terms of payment, the master of the "Susan Mitchell" was "explicitly given the right to sell to third parties at a reasonable price so much of the cargo as is needed to cover his lawful claims."

The "Susan Mitchell" arrived in Puerto Rico on August 26, 1985 at 5:00 a.m. with the cement cargo on board. Unloading began on August 27, and on August 28, approximately sixty hours after delivery, Tradewinds had unloaded about half of the cargo. On August 29, Tradewinds paid Former $1,460, and asked Former to wait until the following day to receive full payment. At 9:00 a.m. on August 30, the "Susan Michell" set sail for the island of Saint Maarten, where Former sold the remaining cement.

Tradewinds sued General Accident to collect for the loss of its cement, alleging that what Former had done amounted to barratry. General Accident moved for summary judgment, claiming, *inter alia*, that it was entitled to judgment as a matter of law because there could be no factual dispute that the Tradewinds' loss of the cement was not the result of barratry.

## II.

Tradewinds challenges the district court's grant of summary judgment for General Accident on the grounds that (1) in determining that Former did not commit barratry, the court should not have allowed General Accident to "benefit" from Tradewinds' alleged breach of its charter agreement with Former and (2) even if that agreement could be taken into account, Tradewinds and Former orally modified the

terms of payment by agreeing that Former would wait an extra day, until August 30, to receive full payment.

 We find no merit in these arguments. The district court correctly found that in order to survive General Accident's summary judgment motion, Tradewinds needed to set forth facts that barratry occurred. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 2d 265 (1986). It properly considered relevant to that question the terms of Tradewinds' charter agreement with Former. Whether the master had the right, under that agreement, to take and sell the cement was directly relevant to whether the master's acts constituted barratry. The parties did not dispute that Tradewinds failed to meet its obligations under that agreement and that, under the terms of the agreement, Former could take the cement to Saint Maarten and sell it. This is not barratry.

Tradewinds' argument that there was an oral modification of the charter agreement that obligated the master to remain an extra day was never raised before the district court and, therefore not preserved for our review. But even if we accepted Tradewinds' assertion that Former agreed to remain an extra day to await full payment, it is undisputed that he did remain an extra day following the alleged oral modification, albeit only until 9:00 a.m. There is no contention made by Tradewinds that the oral modification required Former to stay until a certain hour on the extra day.

Since there can be no factual dispute that Former had a right under his agreement with Tradewinds to sell the remainder of the cement cargo in Saint Maarten, it was clear that what Former did was not the kind of fraudulent breach of a duty to Tradewinds that would constitute barratry. General Accident was, therefore, entitled to summary judgment.

*Affirmed.*